**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

───────────────────────────────────────────

KAREEM NELSON,                                  **CASE NO.:** 1:19-cv-6208

       Plaintiff,

       v.

42-02 TAVERN INC. d/b/a Doyle's Corner, and
KILBAH, LLC,

       Defendants.

───────────────────────────────────────────

## <u>COMPLAINT FOR INJUNCTIVE RELIEF</u>

Plaintiff, KAREEM NELSON by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing legal authorities, hereby files this Complaint and sues 42-02 TAVERN INC., a New York corporation, d/b/a Doyle's Corner, and KILBAH, LLC, a New York limited liability company, (collectively, hereinafter the "Defendants") for injunctive relief, attorney's fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## <u>JURISDICTION AND VENUE</u>

1.   This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court

has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit occurred in New York.

3. The remedies provided by NYSHRL against discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4. At all times material hereto, Plaintiff, KAREEM NELSON, was and is over the age of 18 years, *sui juris*, and was a resident of Brooklyn, which is located within the Eastern District of New York.

5. Mr. Nelson has at all material times suffered from a "qualified disability" under Title III of the ADA; Plaintiff is a C-7 C-1 paraplegic and uses a wheelchair for mobility.  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

6. The Defendants, 42-02 TAVERN INC., a New York corporation, d/b/a Doyle's Corner ("Doyle's Corner"), and KILBAH, LLC ("Kilbah"), a New York limited liability company, are authorized to conduct, and are conducting, business within the State of New York.

7. Upon information and belief, Doyle's Corner, is the lessee and/or operator of the real property, and the owner of the improvements where the Subject Facility is located, which is the subject of this lawsuit, the facility commonly referred to as Doyle's Corner (hereinafter the "Subject Facility") located at 4202 Broadway, Astoria, New York 11103 (hereinafter and heretofore referred to as "Defendants' Property"), which also maintains and controls the Subject Facility.

8. Upon information and belief, Kilbah is the owner, lessor and/or operator of the real property, where the Subject Facility is located which is the subject of this lawsuit, the facility commonly referred to as Doyle's Corner, located at Defendants' Property, and also maintains and controls the Subject Facility. The Subject Facility is a place of "public accommodation" as that term is defined under the ADA; specifically, the Subject Facility is operated as a pub.

9. Prior to the commencement of this action, Plaintiff personally visited the Defendants' Property with the intention of using the Subject Facility; however, Plaintiff was denied full access to, and full enjoyment of the facilities at Defendants' Property and the Subject Facility, and/or any accommodations offered to the public therein in that Plaintiff was restricted and limited by his disabilities, and therefore suffered an injury in fact. That, Plaintiff continues to desire to visit the Defendants' Property and/or the Subject Facility in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers that remain at the Subject Facility, all in violation of the ADA, NYSHRL, and NYCHRL.

10. That all events giving rise to the instant action occurred in the City of New York, State of New York. Venue is proper in the Eastern District of New York in that the Defendants' Property and Subject Facility are located in the State of New York, County of Kings.

## COUNT I
## <u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>

11. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

12. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

13. Congress specifically found, *inter alia*, that:[1]

    a.  Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    b.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c.  Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities

    d.  Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services; and,

    e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

14. Congress explicitly set forth the purpose of the ADA; to wit:[2]

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

(i)     Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

15. The congressional legislation provided commercial enterprises with a period of one and a half years from the enactment of the statute to implement the requirements imposed under the ADA.

16. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

17. Pursuant to 42 U.S.C. §1281(7) and 28 C.F.R. §36.104, the Subject Facility, which is subject to this action is a public accommodation because it provides good and services to the public.

18. Upon information and belief, the Subject Facility has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

---

[2] 42 U.S.C. § 12101(b) (1)(2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 28 C.F.R. Part 36.

20. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

21. The Defendants' Property and Subject Facility is legally required to be, ***but is not***, in compliance with the ADA and/or ADAAG.

22. The Defendants' Property and Subject Facility are in violation under the ADA, 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et. seq.* in that the Defendants are discriminating against the Plaintiff, as a result of the following specific violations, which include, but are not limited to, the following:

   a.   Inaccessible entrance at the Subject Facility.

   b.   Failure to provide an accessible route to the Subject Facility, for navigation by a wheelchair.

   c.   Failure to provide an accessible means of egress, at the entrance of the Subject Facility, for navigation by a wheelchair, in that the existing steps at the entrance of the Subject Facility act as a barrier to accessibility.

   d.   Failure to provide the required ramp for the existing steps at the entrance of the Subject Facility.

   e.   Inaccessible dining tables located at the exterior dining area: the required minimum knee and toe clearance is not provided at the dining tables located at the exterior dining area, and a minimum percentage of the existing dining tables required to be accessible is not provided at the exterior dining area.

   f.   Inaccessible dining tables located at the interior dining area: the required minimum clear floor space is not provided at the dining tables located at the

---

[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

interior dining area, and a minimum percentage of the existing dining tables required to be accessible is not provided at the interior dining area.

g.  The first of two dining counters is inaccessible: non-compliant height of the first of two dining counters exceeds the maximum height allowance, the required minimum knee and toe clearance is not provided at the first of two dining counters, and the portion of the first of two dining counters required to be accessible is not provided.

h.  The second of two dining counters is inaccessible: non-compliant height of the second of two dining counters exceeds the maximum height allowance, the required minimum knee and toe clearance is not provided at the second of two dining counters, and the portion of the second of two dining counters required to be accessible is not provided.

i.  Inaccessible bar: the non-compliant height of the bar exceeds the maximum height allowance, the required minimum knee and toe clearance is not provided at the bar, and the portion of the bar required to be accessible is not provided.

j.  Failure to provide accessible and compliant restrooms in the Subject Facility in that the following violations were discovered during an inspection of the restrooms in the Subject Facility:

   i.  Inaccessible restrooms: an accessible route to the restrooms is not provided, and the required minimum clear width is not provided at the travel path to the restrooms.

   ii.  Compliant signage identifying the men's restroom is not provided as required.

iii.   The required minimum clear width is not provided at the door of the men's restroom.

iv.   The required minimum maneuvering clearance is not provided at the door of the men's restroom.

v.   Non-compliant door knob at the door of the men's restrooms requires twisting of the wrist.

vi.   The required minimum turning space is not provided in the men's restroom.

vii.   Inaccessible lavatory in the men's restroom, in that the required minimum clear floor space is not provided at the lavatory in the men's restroom.

viii.   The required minimum knee and toe clearance is not provided at the lavatory in the men's restrooms.

ix.   The first of two urinals in the men's restroom is inaccessible, in that the non-compliant height of the first of two wall mounted urinals exceeds the maximum height allowance.

x.   The second of two urinals in the men's restroom is inaccessible, in that the non-compliant height of the second of two wall mounted urinals exceeds the maximum height allowance.

xi.   Inaccessible toilet compartment in the men's restroom, in that the required minimum clear width is not provided at the door of the toilet compartment in the men's restroom.

xii.   The required minimum maneuvering clearance is not provided at the door of the toilet compartment in the men's restroom.

xiii.   Non-compliant door swing of the door of the toilet compartment in the men's restroom, in that the toilet compartment door swings into the floor space of the fixtures in the men's restroom.

xiv.   The required minimum space is not provided in the toilet compartment in the men's restroom.

xv.   The required minimum clearance is not provided at the water closet in the men's restroom.

xvi.   The required grab bars are not provided on the rear and side walls of the water closet in the men's restroom.

xvii.   Inaccessible toilet paper dispenser in the men's restroom, in that the toilet paper dispenser is in a non-compliant position from the water closet in the men's restroom.

xviii.   Compliant signage identifying the women's restroom is not provided as required.

xix.   The required minimum clear width is not provided at the door of the women's restroom.

xx.   Non-compliant door knob at the door of the women's restroom requires twisting of the wrist.

xxi.   The required minimum turning space is not provided in the women's restroom.

xxii.   The first of two lavatories in the women's restroom is inaccessible, in that the required minimum clear floor space is not provided at the first of two lavatories in the women's restroom.

xxiii.   The required minimum knee and toe clearance is not provided at the first of two lavatories in the women's restroom.

xxiv.   The second of two lavatories in the women's restroom is inaccessible, in that the required minimum clear floor space is not provided at the second of two lavatories in the women's restroom.

xxv.   The required minimum knee and toe clearance is not provided at the second of two lavatories in the women's restroom.

xxvi.   The first of two toilet compartments in the women's restroom is inaccessible, in that the required minimum clear width is not provided at the door of the first of two toilet compartments in the women's restroom.

xxvii.   The required minimum maneuvering clearance is not provided at the door of the first of two toilet compartments in the women's restroom.

xxviii.   The required minimum space is not provided in the first of two toilet compartments in the women's restroom.

xxix.   The required minimum clearance is not provided at the first of two water closets in the women's restroom.

xxx.   The required grab bars are not provided on the rear and side walls of the first of two water closets in the women's restroom.

xxxi.   The second of two toilet compartments in the women's restroom is inaccessible, in that the required minimum clear width is not provided at the door of the second of two toilet compartments in the women's restroom.

xxxii.   The required minimum maneuvering clearance is not provided at the door of the second of two toilet compartments in the women's restroom.

xxxiii.   The required minimum space is not provided in the second of two toilet compartments in the women's restroom.

xxxiv.   The required minimum clearance is not provided at the second of two water closets in the women's restroom.

xxxv.   The required grab bars are not provided on the rear and side walls of the second of two water closets in the women's restroom.

23. Plaintiff has attempted to access the Defendants' Property and Subject Facility, but has been precluded from accessing the Defendants' Property and Subject Facility, because of his disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Defendants' Property and Subject Facility. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from accessing the Defendants' Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

24. Remediating the ADA and/or ADAAG violations set forth herein is both technically feasible and readily achievable.

25. Plaintiff intends to visit the Defendants' Property and Subject Facility, again in the future (immediately upon Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Defendants' Property and Subject Facility; however, in light of his disability, unless and until the Defendants' Property and Subject Facility, is brought into compliance with the ADA, Plaintiff will remain

unable to fully, properly, and safely access the Defendants' Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

26. As a result of the foregoing, Defendants have discriminated against, and continue to discriminate against the Plaintiff, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Defendants' Property and/or Subject Facility. Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

27. Moreover, Defendants will continue to discriminate against Plaintiff, and others similarly situated, until it is compelled by this Court to remove all physical barriers upon the Defendants' Property and Subject Facility, which violate the ADA and/or ADAAG, including but not limited to those specifically set forth herein, and to make the Defendants' Property and Subject Facility, accessible to and usable by persons with disabilities, including Plaintiff.

28. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA and/or ADAAG violations that exist upon the Defendants' Property and Subject Facility, including but not limited to those set forth herein.

29. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Defendants' Property and Subject Facility, so as to make readily accessible to and useable by individuals with

disabilities, including but not limited to Plaintiff to the extent required by ADA and/or ADAAG.

30. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable against the Defendants.[6]

## COUNT II
## VIOLATIONS OF THE NYSHRL

31. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

32. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation...because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [7]

33. The Defendants' Property and Subject Facility is a place of public accommodation as defined by the NYSHRL.

34. Plaintiff visited the Defendants' Property and Subject Facility and encountered architectural barriers as described herein.

35. By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations,

---

[6] 42 U.S.C. §§ 12205, 12117
[7] NYS Exec. Law § 296 (2) (a).

advantages, facilities or privileges thereof provided at the Defendants' Property and Subject Facility. Failure on the part of Defendants to act to identify and remove barriers can be construed as an act of "negligent per se."

36.  Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including for damages pursuant to § 297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NYCHRL

37. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

38. The NYCHRL provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[8]

39. Defendants are in violation of the NYCHRL by denying the Plaintiff full and safe access to all the accommodations, benefits and services of Defendants' Property and Subject Facility.

## ATTORNEYS' FEES AND COSTS

40. Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and NYCHRL, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants.

41. Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9)

---

[8] NYC Admin Code § 8-107(4)(a)

## DAMAGES

42. Plaintiff demands One Thousand Dollars ($1,000.00) in compensatory damages based on Defendants' violation of the NYSHRL and the NYCHRL.

## INJUNCTIVE RELIEF

43. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA, the NYSHRL and NYCHRL.

44. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Defendants' Property and Subject Facility so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, the NYSHRL, NYCHRL, and closing the facilities until the requisite modifications are complete.

45. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures.

46. Injunctive relief is also necessary to make the Subject Premises readily accessible and useable by Plaintiff in accordance with the ADA, the NYSHRL, NYCHRL.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a) A declaration that the Defendants' Property and Subject Facility owned, leased, operated, controlled and/or administrative by Defendants are in violation of the ADA, the NYSHRL and the NYCHRL;

b) An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such

reasonable time to allow the Defendants to undertake and complete corrective procedures to Defendants' Property and the Subject Facility;

c) An Order requiring Defendants undertake and complete a program of corrective remodeling, reconstruction, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Defendants' Property and the Subject Facility;

d) An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the ADAAG, and by NYSHRL and the NYCHRL;

e) Requiring that the Subject Facility be closed to the general public until such time as it complies with all ADA, ADAAG, NYSHRL and NYCHRL requirements, including but not limited to complete remediation of physical barriers to access on the Defendants' Property and the Subject Facility;

f) An Order issuing a permanent injunction ordering Defendants to close the Subject Premises and cease all business until Defendants remove all violations under the ADA, NYSHRL and the NYCHRL, including but not limited to the violations set forth herein;

g) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff;

h) An award of damages in favor of Plaintiff in the maximum amount permitted by the NYSHRL and/or NYCHRL, as well as, compensatory and punitive damages; and

i)  For such other and further relief that this Court deems just, necessary and

proper.

Dated:  November 4, 2019                              Respectfully Submitted,

**Bashian & Papantoniou P.C.**
Attorneys for Plaintiff
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:     (516) 279-1554
Fax:     (516) 213-0339

***By:* /s/ Erik M. Bashian, Esq.**
**ERIK M. BASHIAN, ESQ. (EB7326)**
eb@bashpaplaw.com

17